Parker, C. J.,
delivered the opinion of the Court.
This cause has been argued rather upon the ground that the verdict is against the evidence, than upon any matter of law arising at the trial. Indeed, on referring to the instructions given to the jury, they seem to have been as favorable to the plaintiff as he could have wished ; and the jury had full opportunity to decide the cause in his favor, if they had thought the facts would justify them.
Two points of law were stated to the jury, as having an influ ence in the case.
1. That the plaintiff was entitled to recover, unless he had been negligent in obtaining security from Hayward, the auctioneer, after it was made known to him that, by his misconduct, Hayward had become responsible for the proceeds of the sale. Or, ¿dly, unless the evidence proved to them that the plaintiff had assumed the debt to himself, by taking the note of Hayward payable to himself, and giving no notice to the defendant that he held it on his account.
As it is not disputed that in either of these cases the law would be against the plaintiff, the only question is, whether there was competent evidence for the jury to make out these points of fact. [ * 108 ] * The plaintiff was authorized, under the circumstances proved, to cause the goods to be sold at auction ; and having employed a proper person, he was not responsible for any loss occasioned by the negligence or misconduct of the auctioneer. But his duty as agent obliged him to have an oversight, so far, at least, as when any thing appeared to be wrong, he should have taken the earliest steps to secure his principal from loss.
The manner in which Hayward transacted the business was •undoubtedly wrong; for he was not authorized to deprive the owner of the goods of the responsibility of the purchasers, and give his own in lieu thereof. This, when done, was not the fault of the plaintiff; for he appears not to have known of, and certainly did not assent to it. Had the business rested here, he would not have been liable. But on the 22d of November he had knowledge of it; and instead of immediately demanding payment, or security, for it, *87 as he might have done, Hayward having rendered himself liable, he took his promissory note, endorsed by one who, like the promisor, became wholly insolvent before the note became due, and of this he gave the defendant no notice, until after the failure of the parties to the note, when the notice was wholly useless; the defendant all the time having a right to suppose, from the previous information of the plaintiff, that he was running no risk, except that of the failure of the purchasers of the goods; for it was in this event only that the plaintiff stated that he should look to him.
Now, il negligence be matter of law for the determination of the Court, we cannot say that it is not made out; for when the state of things, as believed to exist when the plaintiff informed the defendant that his security depended upon the credit of purchasers, was materially changed, as it certainly was when Hayward’s note became the only security, the defendant should have been informed of it; and then, had he assented, or by his silence acquiesced, the plaintiff would have been free from liability. But it * was left to the jury, as a matter of fact. The question [ * 100 ] was tried by them under the most favorable circumstances for the plaintiff; his character for fidelity and discretion as a commission merchant being well known and established. He was found, in this instance, not to have exercised his usual vigilance; and we cannot say that the conclusion was adopted without sufficient evidence.
Upon the other point, also, we think the verdict cannot be disturbed. The note was made payable to the plaintiff; this would not, of itself, determine it to be his; as he might have passed it over to his principal, and his acceptance of it would have closed the transaction. But the plaintiff had before paid the bill of the defendant, drawn for the proceeds of the goods. He took Hayward’s note, knowing that he had not obtained the security of the purchasers of the goods. He kept this note by him, without giving the defendant any information until after the failure.
Under these circumstances, the question for the jury was, What was the intention of the plaintiff, at the time the note was made payable to him ? They determined that it was to take Hayward for his debtor. If there are reasonable grounds for this conclusion, their verdict must stand; and the facts above recited show a lawful ground for the opinion they formed.
It was contended by the plaintiff’s counsel that the silence of the defendant, after notice to him, was an adoption of the act of the plaintiff. But this notice was given when it was too late for any advantage to be taken of it. The liabilities were fixed, and the circumstances of the parties to the note were settled by their *88 insolvency. The cases of ratification are, where the agent has gone beyond or beside his authority, for the benefit, as he supposes, of his principal, and gives him immediate notice. In such case, silence is construed acquiescence and ratification. But a delay of intelligence, until an election to approve or disapprove would be attended with no advantage to the principal, defeats the right to construe silence into ratification.

Judgment on the verdict